PeaRSon, C. J.
Tbe counsel for tbe defendant on tbe trial below put tbe case On two grounds, both of wbicb were presented by tbe evidence : * - . "
1st. That be was not guilty, “ because be did not a«-tually participate in tbe stilling.”
2d. Because “ there was no distillation.”
His Honor dees not iespond to either .position, directly, but charged, in general terms, that “ if tbe jury' believed tbe evidence, tbe defendant was guilty.”
From thismode of putting the case to the jury there.is ho telling whether they found tbe defendant guilty upon the testimony of tbe first witness or of the - second, or of both; for, although both, witnesses are admitted to be entitled to credit, it may be that the jury acted on the testimony of the first, not being able to find, from the testimony of the second witness,, that the defendant was present, pr, if present, that he had anything to do with the stilling, which is a work which may not require more than one hand. If this witness referred to- the three persons against whom the bill was found, or to the two who were on trial, and the jury found on Ins testimony, it cannot be understood' why they acquitted William, Summey. Or it .may be that the jury .acted- on the testimony of the •second witness, supposing, the first might be mistaken in regard to the conversation which he had heard. In this state of the case it follows that the defendant is entitled to a venire de novo, if the point made upon the -testimony of either.oí the witnesses ought to have been ruled in his favor. For we are obliged to. suppose tliat his Honor overruled both positions, or impute to him a want of candor, by which -the jury were left in the dark, as to hi* opinion on the questions of law, and this Court would not he.able to review it. -
*111 When counsel make a point wbicli arises on the evidence, and expressly, or by implication as in this case, requests the opinion of the Judge, and I o declines to give it, or Tails to do so by a general charge like the one under consideration, it is error ; notwithstanding there is another view of the case arising, on other parts of the evidence, which is against the party. The statute requires a Judge to “ state to the Jury in a full and correct manner, the evidence given in the. case, and to declara and explain the law; arising thereon.'’ He is not required to recapitulate the evidence in detail — but he is required to put the case to the jury in such a way, as to make it appear by the record, what facts the jury find, and what,is his opinion as to the law ; so that his opinion may be reviewed by this Court.
A general charge is only allowable in special cases, when these purposes are otherwise fully answered. Gaither ws. Ferebee, 1 Winston, 310, State vs. Norton, Id., 303. These cases dispose of the subject. They were'decided at June.Term last, and we presume bis Honor had not read them.
This Court is of opinion,. that in order to justify a conviction under the statute, it must be proved that the party either distilled graiu himself, or procured it to be done ; and that the fact that#tlic defendant “ leased or hired ” his still-house and still'to'one who had corn, for the purpose of distilling the corn, and that it was in fact distilled by him at the house and in the still, the defendant having no interest in the spirits, does not make him guilty of a violation of the statute.
Upon the second point the Court is of opinion that to run beer, made of corn, through the .process of distillation once, is a violation of the statute ; for- spirituous *112 liquor is thereby distilled out of corn ; and, although, the liquor is improved by running it through twice,, that is not necessary in order to mate it “ spirituous liquor,” •within the meaning of the statute.
This decision must be certified to the Superior Court.